IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JOE E. BLANCO | § | |
| | | |
| VS. | § | CIVIL ACTION NO. 9:04cv161 |
| | | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

The Court referred the above-entitled and numbered civil action to United States Magistrate Judge Judith K. Guthrie. The Magistrate Judge presented for consideration the Magistrate Judge's Report, containing proposed findings of fact and recommendations for disposition.

Plaintiff filed objections. This Court made a *de novo* review of Plaintiff's objections and determined that the objections lack merit.

Plaintiff's objections clearly show his confusion about the Social Security disability determination process and this Court's role in reviewing those determinations. This confusion is understandable because Social Security disability law is highly complex. This Court will attempt to explain to Plaintiff why his numerous objections lack merit.

Plaintiff objects to the Report because he has "never signed a waiver or otherwise agreed to allow this case to be decided by a Magistrate Judge." *Pl.'s Objections* at 33. Plaintiff's choosing not to consent to determination by the Magistrate Judge is the reason that this Court is now reviewing and making a determination regarding the Report and Recommendation and Plaintiff's objections.

Plaintiff objects to the Report's wording because it does not include the exact wording and

detail which Plaintiff used in alleging the errors of the Administrative Law Judge [ALJ]. The Magistrate Judge is not required to quote Plaintiff verbatim or address every specific detail that Plaintiff included. For example, from page fifty-seven to page sixty-one of his brief, Plaintiff merely quotes hearing testimony verbatim. The Report summarized the testimony relevant to Plaintiff's contentions and referred to specific hearing testimony relevant to evaluating the ALJ's decision.

Plaintiff objects to the Report because he believes that the Magistrate Judge's "method of legal reasoning" is "not consistent with the law or SSA regulations, rules, and policies. Specifically, Plaintiff contends that the Magistrate Judge improperly found, without citing substantial evidence and legitimate, specific legal reasons to support the finding, that Plaintiff's testimony is not credible.

Plaintiff errs in thinking that the Magistrate Judge's responsibility was to determine whether or not Plaintiff's testimony was credible and to cite specific legal reasons and substantial evidence to support that finding. The Report explains the Court's role in reviewing SSA's decision:

> A court reviews the disability determination only to determine whether the Secretary applied the proper legal standard and whether the determination is supported by substantial evidence. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), *cert. denied*, 514 U.S. 1120 (1995); 42 U.S.C. § 405(g). A federal court must affirm the Commissioner's determination that a claimant was not disabled unless that determination either is not supported by substantial evidence or involved an erroneous application of legal standards in evaluating the evidence. *Carey v. Apfel, Comm'r of Soc. Sec.*, 230 F.3d 131, 135 (5th Cir. 2000); *cf. Masterson*, 309 F.3d at 272. A federal court may not substitute its "judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Carey*, 230 F.3d at 135 and 146.

The Court may not substitute its judgment for SSA's judgment. The Court's responsibility is to determine whether SSA applied the proper legal standards and to determine whether substantial evidence supports SSA's decision. The Magistrate Judge did not make a finding regarding the

2

credibility of Plaintiff's testimony. The Magistrate Judge determined that in finding that Plaintiff's testimony was not credible, the ALJ applied the proper legal standards and that substantial evidence supports the finding.

Plaintiff objects to the Report because he believes that the Magistrate Judge erred in weighing the evidence and selectively considering only the evidence that would support SSA's decision. The Report notes evidence favorable to Plaintiff. For example, the Report states, "Dr. Rossi opined that in an eight-hour workday Plaintiff must lie down or recline for six hours. *Tr*. at 756." The Magistrate Judge determined that substantial evidence supports SSA's decision.

Plaintiff objects to the Report because he believes that SSA and the "defending physicians" conspired against him (*Pl.'s Objections* at 45), violated his civil rights, and are trying to defraud him (*Pl.'s Objections* at 46). No physicians are defendants in this case. Furthermore, even if Plaintiff's accusations were correct, none of these things would show that Plaintiff cannot perform a significant number of jobs existing in the national economy.

Plaintiff objects to the Report because he believes that "the ALJ is desperate to find Plaintiff disabled," which is why he improperly considered Plaintiff's church attendance and hygiene. *Pl.'s Objections* at 30. This Court does not understand Plaintiff's objection. Furthermore, Plaintiff does not explain, and this Court does not see, how the ALJ's consideration of Plaintiff's church attendance and hygiene or the ALJ's wanting to find that Plaintiff is disabled would impact the ALJ's ultimate finding that Plaintiff can perform a significant number of jobs existing in the national economy.

Plaintiff contends that "since Plaintiff has been found credible, all of his testimony and

filings of all forms and all submissions to the Honorable Court must now be found to [be] truthful, as it is to the best of Plaintiff's knowledge and abilities," and that consequently, he "must be found permanently disabled since 1994/1995 with all the severe disabilities and severe symptoms that he has testified to orally and/or in writing, because of two traumatic events and several severe progressive diseases and impairments, with the 'Onset of Disability' being agreed to be in 1995 as the ALJ set and decided upon himself." *Pl.'s Objections* at 44. Plaintiff states, "Now that Plaintiff has been affirmed to be credible, the entire decision making process on all the issues are flawed because the ALJ based all of his decisions on interpreting evidence with the false and presumptive belief that Plaintiff and Plaintiff's testimony and records were not credible." *Pl.'s Objections* at 44. Plaintiff's finding that he is fully credible has no consequence on the outcome of SSA's decision. Plaintiff's objection therefore lacks merit.

Plaintiff objects to the Report's conclusions because about the vocational expert because Plaintiff "was at the hearing." *Pl.'s Objections* at 33. As best as this Court can determine, Plaintiff is suggesting that his conclusions are right and the Magistrate Judge's conclusions are wrong because the Magistrate Judge was not at the hearing. If Plaintiff's argument expressed the legal standard, then there would be no need for judicial review of Social Security disability denials.

Plaintiff objects to the Report because, to his surprise, the ALJ did not require every consultant contracted by SSA to appear at the hearing. *Pl.'s Objections* at 35. Plaintiff contends that all the consulting examiners' records were hearsay because he was not allowed to cross-examine them at the hearing. *Pl.'s Objections* at 45. Plaintiff objects to the Magistrate Judge's allowing into the record "the hearsay evidence of the contract consultants, and the testimonies of the medical

4

experts which were based on" that evidence. *Pl.'s Objections* at 30. As Plaintiff points out elsewhere in the numerous pleadings and objections that he has filed, the ALJ's hearing is not supposed to be an adversarial hearing. One consequence of the hearing's being nonadversarial is that in the hearing process, no rules against hearsay apply.

Plaintiff also contends that "with everyone else talking so fast at the hearing, it was harder for Plaintiff to comprehend and remember all the facts to answer the questions." *Pl.'s Objections* at 42. This does not state any grounds for reversing the denial of his application for benefits.

Plaintiff objects to the Report because allegedly, his pharmaceutical records "all the way back to 1991" would have confirmed that he had consistently taken pain medication all that time. *Pl.'s Objections* at 42. Dr. Rossi opined that in an eight-hour workday Plaintiff can sit continuously for only fifteen minutes, after which he must lie down for two hours, can sit for only a total of two hours per day, can stand and walk for only fifteen minutes continuously, after which he must lie down for two hours, and can stand and walk for only one hour total per day. *Tr.* at 755-56. Dr. Rossi opined that Plaintiff needs the times of lying down to relieve pain and fatigue. *Tr.* at 756.

The Report explains that the ALJ rejected Dr. Rossi's assessment. The ALJ found that Plaintiff has the residual functional capacity to perform a significant range of sedentary work. *Tr.* at 125. Pharmaceutical records confirming that Plaintiff consistently took pain medication from 1991 through the date that he was last insured for benefits would not show that Plaintiff's residual functional capacity was reduced beyond what the ALJ found; consequently, the records would not show that SSA's decision should be reversed.

Plaintiff objects to the Report because it does not explicitly address the ALJ's denial of a

5

requested supplemental hearing to discuss post-hearing evidence. Plaintiff cites HALLEX Manual I-2-7-30 as giving him a right to his requested supplemental hearing. *Pl.'s Objections* at 31. HALLEX does not carry the authority of law. *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000).

Plaintiff objects to the Report because allegedly the Texas Department of Public Safety has issued him license plates and placards for being permanently disabled, Polk County has found him to be permanently disabled and eligible for indigent health care, and some pharmaceutical manufacturers have found him to be permanently disabled so he receives some prescription medicines for free. The ALJ has sole responsibility for determining a claimant's disability status. *Id*. at 455.

Plaintiff opines that "with all the exhibits and other documents in this case which probably total over 1000 documents, that it may take many months for the Honorable Judge to reach a final and truthful determination in this case." *Pl.'s Objections* at 48. Plaintiff objects to the Report because in determining that Plaintiff has not shown that the ALJ's finding that Plaintiff is not entirely credible, the Magistrate Judge did not explicitly address every document in "the 537 pages of exhibits and other documents" that Plaintiff filed and which Plaintiff contends constitutes "objective proof in the record that he does not have the RFC to work." Plaintiff objects because the Report does not explain why Plaintiff "did not meet a medical equivalency," and did not expressly consider every documented impairment referenced in the record and why they could not produce severe symptoms. *Pl.'s Objections* at 14. Plaintiff's objections list 189 "impairments" that "meet or have medically equivalency of Step 2 and 3 Listings." Plaintiff contends that these records show that he should be found disabled at step 2 or step 3 of the sequential process.

Disability is never determined favorably at step 2. At step 2, the ALJ determines whether the claimant has a severe impairment. If not, then the claimant is not disabled. If the claimant has a severe impairment, then the analysis continues to step 3. Therefore, Plaintiff's contention that he should have been found disabled at step 2 lacks merit, and the analysis properly proceeded to step 3, at which point Plaintiff had the burden of establishing a specific impairment listed in the impairment listings. Plaintiff does not point out which impairment listing his impairments allegedly satisfy.

Plaintiff objects because he believes that the Magistrate Judge did not give enough attention to considering Plaintiff's combination of impairments. Plaintiff lists many impairments in the multiple pleadings he has filed with this Court. For example, in his Third Supplemental Petition, which was filed on April 27, 2006, and which followed his First Supplemental Petition including twenty-two attached exhibits and his Second Supplemental Petition including twelve attached exhibits, Plaintiff introduced his discussion with the following: "Recently, Plaintiff had an upper Endoscopy and while still under sedation, he thought he heard the nurse say that he had at least 15 ulcers, or perhaps even at least 50 ulcers . . . ." Plaintiff then announced that based on his Endoscopy, he "has conservatively counted approximately 600 'defects.'" *Pl.'s Third Supplemental Petition* at 2-3.

Plaintiff has not challenged the ALJ's determination that Plaintiff was insured for disability benefits through December 31, 1998. Yet Plaintiff persists in submitting claims based on his current medical records. Apparently, Plaintiff believes that the Magistrate Judge should evaluate every medical record, relevant and irrelevant, and determine the weight to attach to it, and explain those

determinations in detail sufficient to support the ALJ's finding that Plaintiff is not disabled. This is a description of the ALJ's responsibility, not of the Court's role, explained above.

Additionally, the "impairments" which are listed in Plaintiff's objections and for which he cites to the record include cites to Dr. Rossi's records, to medical records dated after the date on which Plaintiff was last insured for disability benefits, and to the three Disability Determination Services assessments of Plaintiff's residual functional capacity. The ALJ found that Dr. Rossi's records were not entirely credible; Plaintiff has not shown that the medical records dated after the date on which he was last insured for benefits are relevant; and none of the Disability Determination Services assessments of Plaintiff's residual functional capacity support Plaintiff's contention that he lacks the residual functional capacity that the ALJ found him to have.

Plaintiff objects to the Report's statement that the record includes only one medical record documenting psychiatric treatment. *Pl.'s Objections* at 27. Plaintiff cites to Dr. Rossi's records which Plaintiff contends reveal "that Plaintiff has suffered with depression and anxiety since 1991 or 1992." *Pl.'s Objections* at 27.

The reference to this "one medical record" is in the Court's analysis of Plaintiff's contention that the psychiatrist who examined him did not have all the psychiatric records on which to base the psychiatrist's conclusions. Plaintiff specifically told that psychiatrist that Plaintiff had seen a psychiatrist one time who prescribed Prozac, but that Plaintiff did not continue with psychiatric treatment. *Tr.* at 531. If Plaintiff believed that Dr. Rossi's statement was something the psychiatrist needed to know in order to make accurate conclusions, then Plaintiff should have informed the psychiatrist of the statement, rather than waiting to object to this Court's conclusions on judicial

review. Plaintiff's objections lack merit.

Plaintiff objects because allegedly "the ALJ relied on" Ms. Miller's report even though she did not qualify as a psychological consultant. *Pl.'s Objections* at 29. Plaintiff cited to Ms. Miller's report as authority for his contentions. Then Plaintiff attacked her evaluation as flawed because of an incomplete record. Now he attempts another argument against the evaluation. Plaintiff's attempt fails. As the Report made clear, the record shows that the evaluation was a psychiatric record from both Frankie Clark, Ph.D. and Ms. Miller.

Plaintiff contends that the ALJ found that Plaintiff is severely disabled. *Pl.'s Objections* at 14. Clearly, the ALJ found that Plaintiff is not disabled; otherwise, this case would not be before this Court. Perhaps Plaintiff is referring to the ALJ's step 2 finding that Plaintiff has severe impairments. *Tr.* at 124. If that were sufficient for a finding of disability, then the sequential analysis would have only two steps instead of five.

Plaintiff now announces that he wants to challenge the ALJ's determination of the dates on which Plaintiff was insured for disability, although "Plaintiff has no idea how the dates are determined so he cannot offer another date at this time." *Pl.'s Objections* at 32. Plaintiff then states that he "has been permanently disabled since sometime in 1994/1995," so "there may be no issue." *Pl.'s Objections* at 33.

In Plaintiff's application for benefits, he claimed that he became disabled on March 30, 1995; the ALJ accepted Plaintiff's alleged date of onset of disability. *Tr.* at 117. Plaintiff has shown neither that the ALJ incorrectly applied the legal standards in determining the onset date nor that substantial evidence does not support that determination.

This Court finds that the Magistrate Judge's findings and conclusions are correct and adopts them as the Court's findings and conclusions. The Court therefore

**ORDERS**, **ADJUDGES,** and **DECREES** that this action is **DISMISSED**; and

**ORDERS** that all motions not previously ruled on are denied.

So **ORDERED** and **SIGNED** this **28** day of **September, 2006.**

_____
Ron Clark, United States District Judge